UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN SMITH,

    Plaintiff,                          CASE NO.:

v.

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, American Security Insurance Company ("ASIC"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Middle District of Florida Local Rule 4.02, hereby removes the above-captioned action to the United States District Court, Middle District of Florida, Tampa Division, and in support hereof states as follows:

1. On or about October 4, 2018, Plaintiff, Glenn Smith, filed a Complaint in the Circuit Court in the Tenth Judicial Circuit, in and for Polk County, Florida, Case No. 2018-CA-004000 (the "State Court Action"). The Complaint was served on Defendant on October 25, 2018. A true and correct copy of the Notice of Service of Process is included in the state court file. Copies of all documents filed in the State Court Action are attached hereto as **Composite Exhibit 1**.

2. In this action, Plaintiff claims that ASIC breached the terms of the pertinent lender-placed insurance policy (the "Policy") in failing to provide coverage for certain damage to his home as a result of a wind, wind driven rain, and/or hail event on or about September 12, 2017. *See* Ex. 1, Compl. ¶¶ 9-13. The Complaint purports to state one cause of action for Breach of

Contract.  ASIC filed its Answer and Affirmative Defenses to the Complaint on November 14, 2018.

3. The Complaint is removable to the United States District Court for the Middle District of Florida.  Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees.

4. The parties in this action are diverse.  Plaintiff is a citizen of the state of Florida.  *See* Ex. 1, Compl. ¶ 8.  ASIC is a Delaware Corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia 30339.  Attached to this Notice as **Exhibit 2** is a true and correct copy of the Florida Department of State, Division of Corporations' online records demonstrating the citizenship of ASIC in Delaware and Georgia.  Thus, ASIC is deemed to be a citizen of the states of Delaware and Georgia.  *See Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding ASIC's principal place of business as Georgia).

5. The amount in controversy in this action exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.  In Plaintiff's Complaint in this matter, he contends that "[t]his is an action for damages that exceed $15,000.00 exclusive of interest, costs and attorneys' fees."  *See* Ex. 1, Compl. ¶ 1.  As a result, this case was not immediately removable upon service of the Complaint.

6. However, on November 23, 2018, after the Complaint was filed and served on ASIC, Plaintiff provided a written demand to ASIC via email in the amount $85,652.34, exclusive of attorneys' fees and costs, supported by an estimate for repairs to the property in the amount of

$94,840.88. A copy of Plaintiff's demand and supporting estimate is attached hereto as **Exhibit 3**.

7. In light of Plaintiff's demand and supporting estimate, the amount in controversy in this action exceeds the jurisdictional threshold of this Court.

8. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Florida, Tampa Division, is the district court of the United States for the district and division embracing the place where the action is pending.

9. This removal is timely. In pertinent part, 28 U.S.C. § 1446(b)(3) provides as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Here, the case stated by the initial pleading was not immediately removable because it merely prayed for damages in excess of $15,000.00, the jurisdictional threshold for Florida Circuit Court. This Notice of Removal is filed within thirty (30) days after receipt by the Defendant of a copy of "other paper" from which it may be ascertained that the case is one which is removable — specifically, Plaintiff's written demand and supporting estimate, which are deemed "other paper" pursuant to 28 U.S.C. § 1446. *Mikesell v. FIA Card Servs., N.A.*, 936 F. Supp. 2d 1327, 1331 (M.D. Fla. 2013).

10. There are no other named defendants in this action.

11. In compliance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this removal to all adverse parties and will file a copy of this Notice of Removal with the clerk of the state court.

**WHEREFORE**, Defendant American Security Insurance Company respectfully requests that the entire state court action under Case No. 2018-CA-004000 now pending in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, be removed to the United States District Court, Middle District of Florida, Tampa Division, for all further proceedings.

Respectfully submitted this 21st day of December, 2018.

        **HOLLAND & KNIGHT LLP**

        /s/ McGuire Griffin
        Peter P. Hargitai, Esq.
        Florida Bar No. 85375
        McGuire Griffin, Esq.
        Florida Bar No. 0116407
        Karin Oko, Esq.
        Florida Bar No. 747041
        50 North Laura Street, Suite 3900
        Jacksonville, Florida  32202
        Telephone: (904) 353-2000
        Facsimile:  (904) 358-1872
        Peter.Hargitai@hklaw.com
        McGuire.Griffin@hklaw.com
        Karin.Oko@hklaw.com

        *Attorneys for American Security Insurance Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Louis A. Gonzalez, Esq.
Zaf G. Goss, Esq.
Vargas Gonzalez Hevia Baldwin, LLP
6965 Piazza Grande Ave., Suite 417
Orlando, FL  32835
lgonzalez@VargasGonzalez.com
zgoss@VargasGonzalez.com
hpinto@VargasGonzalez.com
***Attorneys for Plaintiff***

                                        /s/ McGuire Griffin
                                        Attorney